**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION**

| | |
|---|---|
| ROGER DALE JOHNSTON,           § | |
|     PETITIONER,           § | |
| § | |
| v.           § | CIVIL ACTION NO. 4:05-CV-0652-Y |
| § | |
| DOUGLAS DRETKE, DIRECTOR,           § | |
| TEXAS DEPARTMENT OF CRIMINAL           § | |
| JUSTICE, CORRECTIONAL INSTITUTIONS   § | |
| DIVISION           § | |
|     RESPONDENT.           § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE
AND NOTICE AND ORDER**

This cause of action was referred to the United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b), as implemented by an order of the United States District Court for the Northern District of Texas. The Findings, Conclusions, and Recommendation of the United States Magistrate Judge are as follows:

**I. FINDINGS AND CONCLUSIONS**

A. NATURE OF THE CASE

This is a petition for writ of habeas corpus by a state prisoner under 28 U.S.C. § 2254.

B. PARTIES

Petitioner Roger Dale Johnston, TDCJ #1204537, is a state prisoner in custody of the Texas Department of Criminal Justice, Correctional Institutions Division, in Palestine, Texas.

Respondent Douglas Dretke is the Director of the Texas Department of Criminal Justice, Correctional Institutions Division.

C. FACTUAL AND PROCEDURAL HISTORY

On October 17, 2003, pursuant to a plea bargain agreement in Cause No. 9050, Johnston pled

guilty to aggravated sexual assault of a child in the 355th Judicial District Court of Hood County, Texas. (State Habeas R. at 24.) The trial court assessed his punishment at forty years' confinement and a $2,500 fine in accordance with the plea agreement. (*Id.*) Johnston did not appeal his conviction or sentence. (Petition at 3.) On April 16, 2004, Johnston filed a state application for writ of habeas corpus raising the issues presented herein, which was denied on July 7, 2004, without written order on the findings of the trial court by the Texas Court of Criminal Appeals. *Ex parte Johnston*, Application No. 59,085-01, at cover. On June 6, 2005, Johnston filed this federal petition in the Tyler Division, and the action was subsequently transferred to this court by order dated June 22, 2005. *Spotville v. Cain*, 149 F.3d 374, 377 (5th Cir. 1998).

### D. STATUTE OF LIMITATIONS

Dretke has filed an answer with brief in support alleging, among other things, that Johnston's petition is untimely, to which Johnston filed a reply. 28 U.S.C. § 2244(d) imposes a one-year statute of limitations on federal petitions for writ of habeas corpus filed by state prisoners. 28 U.S.C. § 2244(d). Section 2244(d) provides:

> (1) A 1-year period of limitations shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitations period shall run from the latest of–
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

2

    (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

  (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitations under this subsection.

28 U.S.C. § 2244(d)(1)-(2).

Under subsection (A), applicable to this case, the limitations period began to run on the date on which the judgment of conviction became final by the expiration of the time for seeking direct review.[1] For purposes of this provision, Johnston's conviction became final upon expiration of the time that he had for filing a notice of appeal on November 17, 2003, and closed on November 17, 2004, absent any tolling.[2] *See* TEX. R. APP. P. 26.2(a)(1)[3]; *Flanagan v. Johnson*, 154 F.3d 196, 200-02 (5th Cir. 1998). Johnston's state habeas application tolled the limitations period for 82 days under the statutory tolling provision, making his federal petition due on or before February 7, 2005. *See* 28 U.S.C. 2244(d)(2). Thus, his federal petition filed on June 8, 2005, is untimely, unless additional tolling as a matter of equity is appropriate.

Equitable tolling of the statute of limitations is permitted only if rare and exceptional circumstances beyond a prisoner's control make it impossible to file a petition on time. *Davis v.*

---

[1]There are no allegations that the state imposed an unconstitutional impediment to the filing of Johnston's petition for federal relief, that the Supreme Court has announced a new rule(s) applicable to Johnston's claims, or that the factual predicate of his claims could not have been discovered sooner through the exercise of due diligence. Therefore, the statutory exceptions embodied in § 2244(d)(1)(B)-(D) are not applicable.

[2]30 days after the date of the trial court's judgment was November 16, 2003, a Sunday. Thus, Johnston would have had until November 17, 2003 to file a timely notice of appeal.

[3]Rule 26.2(a)(1) of the Texas Rules of Appellate Procedure provides that a notice of appeal must be filed within 30 days after the day sentence is imposed in open court.

3

*Johnson*, 158 F.3d 806, 811 (5th Cir. 1998).  The doctrine applies principally when a petitioner is actively misled by a party about the cause of action or is prevented in some extraordinary way from asserting his rights.  *See Coleman*, 184 F.3d at 402.  In order for equitable tolling to apply, the applicant must diligently pursue § 2254 relief.  *Id.*  The petitioner bears the burden of establishing entitlement to equitable tolling.  *See Phillips v. Donnelly*, 216 F.3d 508, 511 (5th Cir. 2000).

Johnston argues that the one-year limitations period "was on hold" for over 158 days during the pendency of his state habeas proceeding because he was not notified by the Texas Court of Criminal Appeals of the court's denial until late September 2004.  (Pet'r Reply at 1.)  Although a delay in receiving notification of state court rulings can qualify for equitable tolling, this case does not justify application of the doctrine.  *See Ott v. Johnson*, 192 F.3d 510, 514 (5th Cir. 1999).  There is no evidence that Johnston could not have contacted the state courts earlier in order to learn the status of his state habeas application.  In other words, Johnston was not prevented in some extraordinary way from asserting his rights.  *See Lewis v. Cockrell*, 33 Fed. Appx.704, 2002 WL 432658, at *3 (5th Cir. 2002) (not selected for publication in the Federal Reporter), *cert. denied*, 538 U.S. 1038 (2003).  It was Johnston's obligation to keep himself informed of the status of his state habeas proceeding.  Furthermore, even if Johnston did not receive notice of the state court's denial of his state habeas application until September 2004, he did not thereafter diligently pursue § 2254 relief.  Johnston's petition cannot be salvaged by equitable tolling under the circumstances.

Johnston's petition was due on or before February 6, 2005.  Therefore, his petition filed on June 6, 2005, is untimely.

## II. RECOMMENDATION

Johnston's petition for writ of habeas corpus should be dismissed with prejudice as time-

4

barred. Any motions not previously ruled on should be denied.

### III.  NOTICE OF RIGHT TO OBJECT TO PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

Under 28 U.S.C. § 636(b)(1), each party to this action has the right to serve and file specific written objections in the United States District Court to the United States Magistrate Judge's proposed findings, conclusions, and recommendation within ten (10) days after the party has been served with a copy of this document. The court is extending the deadline within which to file specific written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation until March 7, 2005. The United States District Judge need only make a *de novo* determination of those portions of the United States Magistrate Judge's proposed findings, conclusions, and recommendation to which specific objection is timely made. *See* 28 U.S.C. § 636(B)(1). Failure to file by the date stated above a specific written objection to a proposed factual finding or legal conclusion will bar a party, except upon grounds of plain error or manifest injustice, from attacking on appeal any such proposed factual finding or legal conclusion accepted by the United States District Judge. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc op. on reh'g); *Carter v. Collins*, 918 F.2d 1198, 1203 (5th Cir. 1990).

### IV.  ORDER

Under 28 U.S.C. § 636, it is ORDERED that each party is granted until March 7, 2006, to serve and file written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation. It is further ORDERED that if objections are filed and the opposing party chooses to file a response, a response shall be filed within seven (7) days of the filing date of the objections.

5

It is further ORDERED that the above-styled and numbered action, previously referred to the United States Magistrate Judge for findings, conclusions, and recommendation, be and hereby is returned to the docket of the United States District Judge.

SIGNED February 14, 2006.

      /s/ Charles Bleil
CHARLES BLEIL
UNITED STATES MAGISTRATE JUDGE