IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

ROGER DALE JOHNSTON,           §
    Petitioner,                §
                               §
VS.                            §   CIVIL ACTION NO.4:05-CV-652-Y
                               §
DOUGLAS DRETKE, Director,      §
T.D.C.J., Correctional         §
Institutions Division,         §
    Respondent.                §

ORDER ADOPTING MAGISTRATE JUDGE'S FINDINGS AND CONCLUSIONS

In this action brought by petitioner Roger Dale Johnson under 28 U.S.C. § 2254, the Court has made an independent review of the following matters in the above-styled and numbered cause:

1. The pleadings and record;

2. The proposed findings, conclusions, and recommendation of the United States magistrate judge filed on February 14, 2006; and

3. The petitioner's written objections to the proposed findings, conclusions, and recommendation of the United States magistrate judge filed on March 8, 2006.

The Court, after de novo review, concludes that the Petitioner's objections must be overruled, and that the petition for writ of habeas corpus should be dismissed with prejudice as time-barred pursuant to 28 U.S.C. § 2244(d)(1)-(2), for the reasons stated in the magistrate judge's findings and conclusions, and as set forth herein.

In his written objections to the magistrate judge's report and recommendation that this petition be deemed time-barred, Johnston contends that he is entitled to equitable tolling of the limitations period because he did not timely receive notice of the disposition of the state application for writ of habeas corpus.

The one-year limitation period for filing a petition under § 2254 is subject to equitable tolling.[1] The burden is on the petitioner--here, Johnston--to show rare, exceptional and/or extraordinary circumstances beyond his control that made it impossible for him to timely file a § 2254 petition.[2] The Fifth Circuit has held that "'equitable tolling applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights.'"[3] Furthermore, in order to invoke equitable relief, a petitioner must show that he pursued collateral relief with diligence.[4]

Johnston filed his application for writ of habeas corpus under state law in the 355th Judicial District Court of Hood County, Texas on April 16, 2004, and it was ultimately denied by the Texas Court of Criminal Appeals on July 7, 2004. Attached to his written objections, Johnston supplied copies of letters from him to state court officials apparently inquiring of the status of his writ application in July and August of 2004. Even assuming the letters accurately reflect that Johnston did not timely receive notice of

---

[1] *See Davis v. Johnson,* 158 F.3d 806, 811 (5th Cir. 1998), *cert. den'd,* 526 U.S. 1074 (1999); *see also Felder v. Johnson,* 204 F.3d 168, 171-72 (5th Cir. 2000), *cert. den'd,* 531 U.S. 1035 (2000); *Fisher v. Johnson,* 174 F.3d 710, 713 (5th Cir. 1999), *cert. den'd,* 531 U.S. 1164 (2001).

[2] *See United States v. Patterson,* 211 F.3d 927, 930 (5th Cir. 2000) (statute can be tolled in "rare and exceptional" circumstances); *see also Davis,* 158 F.3d at 811 (same).

[3] *Coleman v. Johnson,* 184 F.3d 398, 402 (5th Cir. 1999), *cert. den'd,* 529 U.S. 1057 (2000)(quoting *Rashidi v. American President Lines*, 96 F.3d 124, 128 (5th Cir. 1996)).

[4] *See Alexander v. Cockrell,* 294 F.3d 626, 629 (5th Cir. 2002)("[equitable tolling] will not be applied where the applicant failed to diligently pursue habeas corpus relief under § 2254 . . ."), *citing Patterson,* 211 F.3d at 930.

the July 7, 2004, disposition of his state writ, this did not prevent him in an extraordinary way from asserting his rights, for the reasons enunciated by the magistrate judge.  Further, Johnston has provided a copy of a letter from the Texas Court of Criminal Appeals dated September 9, 2004, which expressly informed him that the application was denied on July 7, 2004. Yet, he did not constructively file this federal petition for writ of habeas corpus until June 6, 2005.  Thus, even if Johnston did not receive notice of the disposition of his state writ application until the September 9 letter, his failure to file a federal petition until almost nine months later reflects a lack of diligence necessary to warrant equitable tolling. Johnston's objection based upon equitable tolling is overruled.

Therefore, the findings, conclusions, and recommendation of the magistrate judge are ADOPTED.

Roger D. Johnston's petition for writ of habeas corpus is hereby DISMISSED WITH PREJUDICE.

SIGNED March 20, 2006.

*TERRY R. MEANS*
TERRY R. MEANS
UNITED STATES DISTRICT JUDGE